UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THEODORE ROOSEVELT POWELL,<br>    *Plaintiff*,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br>    *Defendant*. | No. 3:14-cv-01176 (JAM) |

**RULING ON CROSS MOTIONS TO REMAND AND AFFIRM
THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

Plaintiff Theodore Roosevelt Powell claims he is disabled, and has brought this action seeking review of the denial of his claim for disability insurance benefits. On September 28, 2016, U.S. Magistrate Judge Joan G. Margolis issued a recommended ruling recommending that the decision of the Commissioner be affirmed. I will assume the parties' familiarity with the factual record and rulings in this case.

This Court "may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 287, 291 (E.D.N.Y. 2014). I find no clear error to the portions of the recommended ruling for which no objection has been made. As for plaintiff's two limited objections to the recommended ruling, I will review those "parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Ibid.*; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

First, plaintiff disagrees that substantial evidence supported the ALJ's conclusion that plaintiff's white finger syndrome ("WFS") was a non-severe impairment. This argument stems from plaintiff's contention that the ALJ should have recognized that plaintiff may now suffer

from a severe case of late-stage, secondary Raynaud's disease—which can be caused by WFS—even though none of his doctors have diagnosed him with that condition recently, let alone by his date last insured ("DLI") of June 30, 2000. While plaintiff's WFS may have worsened over the years, substantial evidence supports the ALJ's conclusion that *as of June 30, 2000*, plaintiff's WFS was a non-severe impairment. *See* Doc. #9-3 at 21, 24.

Even then, the ALJ accounted for plaintiff's impairment as of his DLI by limiting his residual functional capacity to no more than frequent handling, fingering, and feeling, and avoidance of moderate exposure to vibrations. *See id.* at 22. Plaintiff's corollary argument that the ALJ should have obtained a medical expert to explain the WFS diagnosis was not raised in his initial brief to Judge Margolis; *see Pirog v. Colvin*, 2016 WL 5476006, at *5 (S.D.N.Y. 2016); and even if it had been raised, it would lack merit. *See Carlson v. Barnhart*, 2006 WL 2926818, at *15 (D. Conn. 2006); 20 C.F.R. § 404.1517.

Plaintiff's second objection is that the ALJ did not properly evaluate plaintiff's 1996 award of benefits under the Longshore and Harbor Workers' Compensation Act. Plaintiff's claim again lacks merit: the ALJ explicitly considered the award—which did not substantively review plaintiff's medical condition, and merely approved a proposed settlement agreement—in the ruling, notwithstanding its minimal probative value. *See* Doc. #9-8 at 40–41; *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012) (*per curiam*) (noting that "[a]n ALJ does not have to state on the record every reason justifying a decision," that "an ALJ is not required to discuss every piece of evidence submitted," and that "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered").

## CONCLUSION

Because I agree with Judge Margolis's conclusions in all respects, I will adopt her recommended ruling and affirm the Commissioner's decision. Plaintiff's motion to reverse the decision of the Commissioner or remand (Doc. #14) is DENIED. Defendant's motion to affirm (Doc. #15) is GRANTED.

The Clerk of Court shall close the case.

It is so ordered.

Dated at New Haven, Connecticut this 20th day of March 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge